UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OSL STEAMSHIP CORP.,

            Plaintiff,

- against -

GETMA INTERNATIONAL S.A.S. a/k/a GROUPEMENT
D'ENTREPRISES DE TRANSPORT MARITIMES ET
AERIENS INTERNATIONAL S.A.S. and GETMA
GABON S.A. a/k/a GROUPEMENT D'ENTREPRISES
DE TRANSPORT MARITIMES ET AERIENS
GABON S.A.,

            Defendants.
------------------------------------------------------------X

JUDGE SWAIN

07 CIV 4769

ECF CASE



## VERIFIED COMPLAINT

Plaintiff, OSL STEAMSHIP CORP., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, GETMA INTERNATIONAL S.A.S. a/k/a GROUPEMENT D'ENTREPRISES DE TRANSPORT MARITIMES ET AERIENS INTERNATIONAL S.A.S. (hereinafter "GETMA Int'l") and GETMA GABON S.A. a/k/a GROUPEMENT D'ENTREPRISES DE TRANSPORT MARITIMES ET AERIENS GABON S.A. (hereinafter "GETMA GABON") (hereafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the charterer of the motor vessel "TEEN" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Getma Int'l was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

4. Upon information and belief, Defendant Getma Gabon was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

5. On or about October 23, 2006, Defendant OSL chartered the Vessel from disponent owner, MUR SHIPPING B.V., for the carriage of logs from West Africa to China.

6. MUR SHIPPING B.V. had chartered the Vessel from non-party Korea Line Corporation.

7. Plaintiff verbally contracted with Getma Int'l and Getma Gabon for stevedoring services, particularly, to load cargo on the Vessel.

8. The invoices for the stevedoring services were issued to Plaintiff from Getma Int'l and all payments were made to Getma Int'l in Paris.

9. Other aspects of the stevedoring services were handled by Getman Gabon.

10. At the load port of Owendo, Gabon, while loading the subject cargo the Defendants damaged the Vessel's No. 1 crane.

11. As a result of incident, for which Defendants are exclusively or at least substantially responsible, Plaintiff has and will continue to suffer losses in the total principal amount of $2,420,780.00, exclusive of interest, costs and attorneys fees.

12. Despite due demand, Defendants have failed to pay for the damages caused by the incident or otherwise secure Plaintiff's claim.

13. Therefore, Plaintiff is preparing to litigate its claim against the Defendants in France.

14. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final judgment and award of costs:

A. Principal claim:

| | |
|---|---|
| Security provided to MUR regarding KLC's alleged damages as a result of the crane breakdown: | $1,500,000.00 |
| Off-hire: | $325,645.00 |
| Dead-freight: | $575,135.00 |
| Shore crane hire and related expenses: | $20,000.00 |

B. Estimated interest on claim: $730,020.38
3 years at 6.5% compounded quarterly

C. Estimated recoverable attorneys' fees and costs: $5,000.00

**Total**  **$3,155,800.38**

15. Getma Int'l is the alter-ego of Getma Gabon because it dominates and disregards Getma Gabon's corporate form to the extent that Getma Int'l is actually carrying on Getma Gabon's business and operations as if the same were its own, or vice versa.

16. Upon information and belief, Getma Int'l has no separate identity from Getma Gabon.

17. Upon information and belief, Defendants are both part of the GETMA Group, and are ultimately owned and operated by Mr. Richard Talbot.

18. Upon information and belief, there are no financial accounts for Getma Gabon.

19. Upon information and belief, Getma Gabon is undercapitalized.

20. In the further alternative, Defendants are partners and/or join venturers.

21. In the further alternative, Defendants are affiliated companies such that Getma Int'l is now, or will soon be, holding assets belonging to Getma Gabon, or vice versa.

22. In the alternative, "GETMA INTERNATIONAL S.A.S." is an alias of "GETMA GABON S.A."

23. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

24. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $3,155,800.38 belonging to, due or

being transferred to, from, or for the benefit of the Defendant(s), including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
June 5, 2007

The Plaintiff,
OSL STEAMSHIP CORP.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
facsimile (212) 490-6070
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, NY
         June 5, 2007

_____
Nancy R. Peterson